IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES SUMMERS,

        Plaintiff,

v.                      CIVIL ACTION NO. 2:22-cv-00148

WEST VIRGINIA DEPARTMENT
OF HOMELAND SECURITY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Exclude Defendants' Expert Witnesses* (Document 68), Defendant D.A. Lester's *Response to Plaintiff's Motion to Exclude Defense Experts* (Document 74), and the *Plaintiff's Reply to Defendants' Responses to Plaintiff's Motion to Exclude Certain of Defendants' Expert Witnesses* (Document 79)[1], as well as all attached exhibits. For the reasons stated herein, the Court finds that the motion to exclude should be granted.

The Plaintiff moves to exclude the opinions and reports of defense experts Dr. Fred T. Kerns and Ronald D. Hartman, and the opinions of defense expert Stephen F. Dreyer, Ph.D., pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. Specifically, he contends the late disclosure of Dr. Kerns and Mr. Hartman's reports, and the failure to disclose any report from Dr. Dreyer, are prejudicial and indicative of "a pattern . . . of the defendants slow walking

---

1 Inasmuch as the Plaintiff and WVDHS, WVSP, and Trooper Lindsey have resolved all claims between them, the Court only addresses the motion as it pertains to Deputy Lester.

the case" to the detriment of both Summers and the Court's schedule. (Pl.'s Mot. Exclude at 3) (Document 68); (*see also* Pl.'s Reply) (Document 79).

Rule 26 of the Federal Rules of Civil Procedure imposes specific requirements for the disclosure of discovery, lay witness and expert testimony during the discovery period. Relevant to the instant dispute, Rule 26(a)(2)(A) requires the disclosure of "the identity of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the witness is retained or specially employed to provide expert testimony in the case, a party is also required, "[u]nless otherwise stipulated or ordered by the court," *to include with its disclosure a written report* containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them"; "the facts or data considered by the witness in forming them"; and "the witness's qualifications, including a list of all publications authored in the previous 10 years." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii), (iv) (emphasis added). The parties are further obligated to "timely" supplement any Rule 26(a) disclosures, interrogatory responses, and expert witness reports. *See* Fed. R. Civ. P. 26(e). If a party fails to do so, Rule 37(c)(1) establishes that certain consequences may follow.

Specifically, Rule 37(c)(1) provides that

> "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial *unless the failure was substantially justified or is harmless*."

Fed. R. Civ. P. 37(c)(1) (emphasis added). Our Court of Appeals has held that "in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially

2

justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis," district courts should examine the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Benjamin v. Sparks*, 986 F.3d 332, 342 (4th Cir. 2021) (reiterating the same). The Court is "not *required* to tick through each of the *Southern States* factors," *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014), and retains "broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless," *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (internal quotation marks omitted). Nevertheless, "[t]he burden of establishing these factors lies with the nondisclosing party." *Wilkins*, 751 F.3d at 222.

The First Amended Scheduling Order governing this case provides that "[t]he party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A)-(C) for that issue . . . no later than July 31, 2023." (Document 46 ¶2.) In addition, the Order established a deadline of August 21, 2023, for the completion of all discovery, including depositions. On September 7, 2023, Magistrate Judge Omar J. Aboulhosn extended the deposition deadline to October 13, 2023, in response to the Plaintiff's motion to compel.

On February 8, 2023, the Defendants filed Certificates of Service indicating that their expert witness disclosures were filed electronically and mailed to counsel of record. (Documents 41, 42.) Dr. Kerns was named as an infectious disease specialist, Dr. Dreyer as a psychologist,

3

and Mr. Hartman as a police tactics expert. (*See* Pl.'s Mot. Exclude at 1–2.) Deputy Lester did not include any reports with his disclosure, advising the Plaintiff instead that he would supplement the disclosure with Drs. Kerns' and Dreyer's reports upon receipt. (*See id.* at 2.) Mr. Hartman's report would be "generated and provided following fact witness depositions." (*Id.*)

On September 5, 2023, Deputy Lester disclosed Mr. Hartman's report. (Lester Resp. at 2) (Document 74.) Dr. Kerns' written report was apparently provided to the Plaintiff on September 21, 2023, following the filing of the instant motion to exclude. (*Id.*) Defendants WVDHS, WVSP, and Trooper Lindsey indicated separately that Dr. Dreyer's written report had not yet been received but was expected to be provided "in the next few weeks." (Defs.' Resp. at 5) (Document 75.) Deputy Lester joined with them in this response. (Lester Resp. at 3.) To date, Dr. Dreyer's report has not been disclosed. A deposition was noticed for Mr. Hartman on October 9, 2023, but no notices were made as to Drs. Kerns or Dreyer prior to close of discovery. The Plaintiff contends he has been prejudiced by the failure to timely provide these experts' reports regarding their opinions. Specifically, he has not been able to timely schedule depositions for the experts because *Federal Rule of Civil Procedure* 26(b)(4)(A) permits such depositions only after a report is provided. (*See* Pl.'s Mot. Exclude at 2; Pl.'s Reply at 2.) In addition, he argues that he could not meet the August 28, 2023, deadline to disclose rebuttal experts because he did not know the extent of the disputed experts' opinions. (Pl.'s Mot. Exclude at 3.) He emphasizes that no defendant ever requested further extensions of the disclosure deadline. (Pl.'s Reply at 2.)

Deputy Lester maintains that the Plaintiff is not prejudiced by the untimely disclosures and that such late disclosures were justified. He notes that the disclosure of Mr. Hartman's report fell more than 30 days prior to the extended deposition deadline. (Lester Resp. at 2.) He further

advises that he does not intend to call Dr. Kerns to testify because his opinion is limited to rebutting a wrongful death theory which the Plaintiff does not intend to advance.  (*Id.* at 2–3.)

There is no question that the disclosures of Mr. Hartman and Dr. Kerns' written reports are untimely as they were respectively disclosed approximately five and seven weeks after the deadline established by the Court's First Amended Scheduling Order.  To date, Dr. Dreyer's report has not been disclosed.  Further, only Mr. Hartman was scheduled for a deposition within the extended timeframe.  The Court has considered the parties' respective arguments and finds that Deputy Lester has not demonstrated that he was substantially justified in failing to timely disclose his experts' written reports under Rule 26.  The Court finds that the Plaintiff has been prejudiced by the untimely disclosures and the inability to depose at least Drs. Kerns and Dreyer.  Based on the posture of the case, Mr. Summers, if he so desired, would be unable to seek leave of the Court to conduct further discovery into these experts' opinions without impacting the Court's docket or the schedule in this matter.  Thus, the Court finds that the untimely disclosures are neither substantially justified nor harmless and exclusion is appropriate.

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Exclude Defendants' Expert Witnesses* (Document 68) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   December 21, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA